UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>MICHAEL MACK,<br><br>                    Defendant. | **ORDER**<br><br>19 Cr. 27 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        On March 29, 2021, Defendant Michael Mack filed a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkt. No. 88)  He asserts that his transfer from the New York Metropolitan Correctional Center ("MCC") to a Residential Reentry Center ("RRC") "is a material change in circumstances warranting the modification of his sentence" to home confinement.  (Id. at 1-2)  For the reasons stated below, his motion will be denied.

        Mack pled guilty to conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine on August 13, 2019.  (PSR at 1, ¶¶ 2, 4)  In imposing Mack's sentence on December 4, 2019, this Court granted a significant downward variance from the applicable Sentencing Guidelines range of 87 to 108 months' imprisonment and imposed a sentence of three years' imprisonment.  (See Judgment (Dkt. No. 55) at 2; Sentencing Tr. (Dkt. No. 57) at 3, 22)

        In his first compassionate release motion, Mack argued that he is especially vulnerable to the COVID-19 virus because he suffers from certain medical conditions, including severe obesity, hypertension, and diabetes, and because the MCC's COVID-19 protocols are inadequate.  (Def. Br. (Dkt. No. 64) at 9, 16)

On May 14, 2020, this Court denied Mack's application.  (Order (Dkt. No. 74))  Although the Court found that Mack had exhausted his administrative remedies, the Court concluded that Mack was not entitled to compassionate release.  The Section 3553(a) factors counseled against granting Mack's application, because Mack presents a "very high" risk of recidivism, and because the three-year sentence this Court imposed was "extremely lenient," particularly given that Mack was unexpectedly credited for the ten months he spent in federal custody prior to his sentencing.  (Id. at 6)  Moreover, Mack had not demonstrated that extraordinary circumstances warranted his release, because although his medical conditions "put him at special risk" of severe illness, his release presented a danger to the community.  (Id. at 8-10)

In his renewed motion for compassionate release, Mack states that he continues to "'suffer[] from medical conditions that put him at special risk' from COVID-19[,]" and that "he refused a COVID-19 vaccine at the MCC because he was concerned about side effects." (Mot. (Dkt. No. 88) at 2 (quoting Order (Dkt. No. 74) at 8))  He argues that release to home confinement does not present a danger to the community because he is now housed at the RRC, and "[w]hether at the RRC or under home confinement, Mr. Mack will be permitted to enter the community for preapproved activities, including medical appointments and employment." Moreover, if he were under home confinement, he "would be subject to electronic location monitoring, which would serve as an added protection for the public."  (Id. at 3)  Finally, he argues that the Section 3553(a) factors now weigh in favor of his release, because he has served another year and four months of his sentence, and the pandemic has made the conditions of his confinement "much more punitive than the norm."  (Id. at 4)

2

The Government opposes Mack's motion. (See Apr. 6, 2021 Govt. Ltr. (Dkt. No. 90)) It argues that Mack has not shown that extraordinary circumstances justify his release, because his "refusal to receive a COVID-19 vaccine . . . undermines his claim of an increased risk of contracting the virus at the RRC." (Id. at 1) The Government further asserts that "analysis of the Section 3553(a) factors still counsels against granting Mack's renewed motion for compassionate release." (Id. at 2)

Under 18 U.S.C. § 3582(c)(1)(A), a court may,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A). Moreover, pursuant to this statute, a defendant seeking compassionate release must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days [must have lapsed] from the receipt of such a request by the warden of the defendant's facility." Id.

As an initial matter, Mack has not shown that he submitted a request for a reduction in sentence based on changed circumstances, and therefore he has not exhausted his administrative remedies. "[T]o be eligible for relief based on new circumstances, Defendant must first seek relief from the BOP." United States v. Foozailov, 17 Cr. 262 (LGS), 2021 U.S. Dist. LEXIS 20774, at *2-3 (S.D.N.Y. Feb. 3, 2021) (citing United States v. Padilla, No. 18 CR. 454-6 (KPF), 2021 WL 242463, at *2 (S.D.N.Y. Jan. 25, 2021); United States v. Nwankwo, No. 12 CR 31(VM), 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020))).

Mack has also not shown that extraordinary and compelling circumstances justify his release. While Mack suffers from medical conditions that place him at increased risk of

3

severe illness from COVID-19, he refused the COVID-19 vaccine when it was offered to him.[1] "In such instances, courts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons." United States v. Robinson, No. 17 Cr. 611-7 (AT), 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021) (citing United States v. King, 16-CR-478-11 (CS), 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021)) (citation omitted); see also United States v. Ellison, No. 18 Cr. 834-9 (PAE), 2021 WL 2821108, at *5 (S.D.N.Y. July 7, 2021) ("[A]lthough the choice is Ellison's whether to become vaccinated, he undisputedly has the ability to do so and thereby further limit his COVID-19 risk."); United States v. McIntosh, 12 Cr. 72 (ER), 2021 WL 1660682, at *4 (S.D.N.Y. Apr. 28, 2021) ("McIntosh was offered the Pfizer vaccine in March 2021 and declined it. . . . McIntosh's access to the highly effective Pfizer vaccine mitigates any extraordinary and compelling health reasons justifying compassionate release." (citing United States v. Bryant, No. 06-CR-17-LTS, 2021 WL 738838, at *2 (S.D.N.Y. Feb. 24, 2021))) (citation omitted); United States v. Bullock, 18-CR-528 (JMF), 2021 WL 1550424, at *1 (S.D.N.Y. Apr. 20, 2021) ("Mr. Bullock cannot satisfy his burden of showing that relief is warranted based on the fact that he was offered, and he refused, a COVID-19 vaccine."); United States v. Colon, No. 6:18-CR-06040 EAW, 2021 WL 1246187, at *3 (W.D.N.Y. Apr. 5, 2021) ("Defendant's decision not to accept a vaccine appears to undermine the legitimacy of his concerns about COVID-19.").

---

[1] In an August 11, 2021 letter, the Government notes that "Mack is now residing at a RRC, and thus the BOP is not in possession of any medical records that may have been generated since his departure from the MCC; moreover, according to BOP counsel, the RRCs do not maintain inmates' medical or vaccination records." (Aug. 11, 2021 Govt. Ltr. (Dkt. No. 97)) As a result, the Government has not been able to ascertain whether Mack received a COVID-19 vaccine after his release from the MCC. (Id.) Mack has not offered any evidence that he agreed to receive a COVID-19 vaccine, however. Accordingly, the only evidence in the record is that he refused to receive a vaccine.

Finally, even if Mack had demonstrated both exhaustion of administrative remedies and that extraordinary circumstances justify his release, the Section 3553(a) factors would still weigh against granting relief.  While Mack has served an additional year and four months of his sentence since this Court denied his first compassionate release motion, as previously noted, the sentence this Court imposed was "extremely lenient," and Mack has been credited – unexpectedly – for the ten months he served in MCC prior to sentencing.  (Order (Dkt. No. 74) at 6)  Moreover, none of the facts bearing on the Section 3553(a) analysis have materially changed since this Court's May 14, 2020 order:

> The Court carefully considered the Section 3553(a) factors at sentencing.  As to the aggravating factors, the Court noted that Mack had distributed "an enormous amount of crack cocaine in the vicinity of West 112th Street and Lenox Avenue in Manhattan"; that he and his co-defendant had made nineteen separate sales of crack cocaine to an undercover officer; that Mack had a 2013 conviction for criminal possession of a weapon in the second degree, and a 2017 conviction for criminal sale of a controlled substance in the third degree; and that he was on parole for that offense when he committed the instant offense.  Given the circumstances, the Court concluded that "the risk of recidivism appears very high." . . . Analysis of the Section 3553(a) factors counsels against granting Mack's application for compassionate release.

(Id. at 5-6 (quoting Sentencing Tr. (Dkt. No. 57) at 15, 17-18))

In sum, analysis of the Section 3553(a) factors continues to weigh against granting relief.

For these reasons, Defendant Mack's motion for compassionate release (Dkt. No. 88) is denied.

Dated:  New York, New York
        September 13, 2021

SO ORDERED.

*Paul G. Gardephe* (signature)

_____
Paul G. Gardephe
United States District Judge